67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve FOX, representative of the Estate of William Daryl
Fox, deceased, Plaintiff-Appellant,
v.
NISSAN MOTOR CORPORATION IN U.S.A.,
Defendant-third-party-Plaintiff-Appellee,
v.
Timothy Robison VINCENT, Third-party-Defendant-Appellee.
 No. 94-35202.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Sept. 28, 1995.
 
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On August 27, 1990, William Fox was a passenger in a Nissan truck owned and operated by Timothy Vincent. Vincent staged an accident and drove the truck off a steep embankment with the intention of totaling the truck and collecting the insurance proceeds. Vincent survived. Fox did not. Plaintiff Steve Fox, the decedent's father, sued Nissan under the crashworthiness doctrine. See McMullen v. Volkswagon of America, 274 Or. 83, 545 P.2d 117 (1976). The district court granted defendant Nissan summary judgment on multiple issues. Plaintiff appealed.
 
 
 3
 The issues upon which defendant Nissan prevailed in the district court included its contention that the crashworthiness doctrine in Oregon should not apply to cases involving intentional efforts to destroy the vehicle, as well as Nissan's contention that plaintiff failed to produce any evidence that the plaintiff's alleged defect caused the injuries in question, even assuming the crashworthiness doctrine applied. It is necessary for us to reach only the causation issue, and we affirm the district court's award of summary judgment on that ground.
 
 
 4
 To show a defect, plaintiff offered affidavits of an expert witness. According to plaintiff the expert would establish both that there existed a safer roof design, and that if that design had been adopted the decedent's injuries would have been avoided. The defect that the expert identified was a weakness in the roof that resulted in collapse during roll over accidents. The expert rendered an opinion that the adoption of a 30% stronger roof was feasible and that it would prevent roof collapse in roll overs such as that which allegedly occurred in this accident.
 
 
 5
 The undisputed evidence shows, however, that the decedent was killed as the result of a tree trunk that entered the cab of the vehicle and struck Fox's abdomen and pelvis. The collision with the trunk must have occurred while the vehicle was on its right side and before it flipped onto its top. This is because Fox suffered no injuries to his head, but only to the lower portion of his body. Despite repeated requests from the Magistrate-Judge, and repeated efforts on the part of the expert to supply further affidavits in support of plaintiff's position, the expert's affidavits never explained how a design defect that results in roof collapse during roll over accidents could have caused decedent's abdominal and pelvic injuries, which resulted from an impact to the side of the vehicle. Under Oregon law, an injured party claiming a design defect must make a showing of an alternative or safer feasible design that would have prevented the injury or death. See Wilson v. Piper Aircraft Co., 282 Or. 61, 577 P.2d 1322, 1326 (1978). Although we assume, arguendo, that the expert's affidavits established the feasibility of building a Nissan truck with a stronger roof, there is no evidence that such a roof would have prevented decedent's abdominal and pelvic injuries, which he sustained before the truck rolled over. We therefore affirm the district court's entry of summary judgment in favor of the defendant.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3